UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN SCALA,

    Plaintiff,

v.                                                     Case No.:  2:25-cv-87-SPC-KCD

WALMART STORES, INC.,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Walmart Stores, Inc.'s Notice of Removal (Doc. 1). For the reasons outlined below, Walmart must supplement the Notice.

A defendant may remove a civil action from state court if the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c). And "a removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Defendant removed this premises-liability action by invoking diversity jurisdiction. Plaintiff alleges that a metal advertising sign fell onto his shoulder. (Doc. 1 at 14; Doc. 3). Federal courts have diversity jurisdiction over

civil actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). The parties here are diverse. But the Court is not so sure about the amount in controversy.

To establish the amount in controversy, Walmart relies on a demand letter sent by Plaintiff. In the letter, Plaintiff demands the policy limits of $300,000. (Doc. 1 at 28). But a demand letter does not automatically establish the amount in controversy. *See Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, No. 3:10-CV-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) ("Lamb's pre-suit demand that State Farm pay the limit of her policy did not clearly establish that the amount in controversy exceeded $75,000."). Afterall, "settlement offers (particularly presuit) reflect a fair amount of puffing and posturing." *Gagnon v. Petsmart, Inc.*, No. 2:20-CV-676-FTM-38-MRM, 2020 WL 13356800, at *1 (M.D. Fla. Sept. 2, 2020). And even a closer look at the demand letter is unavailing.

The demand letter indicates Plaintiff has incurred medical bills totaling $7,356. (Doc. 1 at 21). Of course, this is well below the $75,000 threshold. Otherwise, the letter itemizes future medicals totaling $61,163, loss of household services totaling $15,325.54, and $300,000 for pain and suffering. (Doc. 1 at 22-28). But such damages are speculative at best. And the vast difference between these self-serving damages and Plaintiff's accrued medical

2

bills is suggestive of puffery. *Cf. Guerrero v. Sisco*, No. 2:23-CV-1201-SPC-KCD, 2024 WL 493464, at *1 (M.D. Fla. Jan. 8, 2024).

Although the demand letter does note that shoulder surgery has been recommended, the estimated cost of the surgery is $23,996 (Doc. 1 at 22), which does not push the amount in controversy beyond the jurisdictional threshold. Besides, there is no indication the surgery is scheduled or that Plaintiff intends to undergo the surgery. *See Pennington v. Covidien LP*, No. 8:19-CV-273-T-33AAS, 2019 WL 479473, at *1 (M.D. Fla. Feb. 7, 2019) (noting that although plaintiff stated he must undergo a $110,000 surgery, the surgery had yet to occur, and plaintiff had not indicated the surgery had been scheduled). Without more, the Court is not satisfied that Walmart has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Accordingly, it is now **ORDERED:**

On or before **February 20, 2025**, Walmart must SUPPLEMNT its Notice of Removal consistent with this Order. **Failure to do so will result in remand without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on February 6, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record