UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN SCALA,

    Plaintiff,

v.	Case No.:  2:25-cv-87-SPC-KCD

WALMART STORES, INC.,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Defendant Walmart Stores, Inc.'s Supplement to its Notice of Removal (Doc. 11) and Plaintiff's Motion to Remand (Doc. 10).  For the below reasons, the Court takes no further action on its Order to Supplement and denies the motion to remand.

Plaintiff brought this premises liability action in state court, alleging that a metal advertising sign at one of Walmart's stores fell onto his shoulder. (Doc. 3).  Walmart removed the case here, invoking diversity jurisdiction.  A defendant may remove a civil action from state court if the federal court has original jurisdiction.  *See* 28 U.S.C. § 1441(a).  "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c).  And

"a removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

To establish the amount in controversy, Walmart initially relied on a demand letter sent by Plaintiff. In the letter, Plaintiff demanded the policy limits of $300,000. (Doc. 1 at 28). But the letter only itemized $7,856 in accrued medical bills. It otherwise outlined speculative future medical damages and indicated shoulder surgery was recommended. Finding this insufficient to establish the jurisdictional threshold, the Court ordered Defendant to supplement its notice of removal. (Doc. 9). Contemporaneously, Plaintiff moved to remand the case back to state court. (Doc. 10).

In its supplement, Walmart provided additional medical bills. These bills demonstrate that Plaintiff's surgery was not just recommended; he underwent shoulder surgery in July 2024. The accrued cost of this surgery was $59,967.54, along with another $11,431.36 for anesthesia. (Doc. 11-1). The roughly $70,000 for the surgery combined with the other $7,856 in Plaintiff's accrued bills comfortably places the amount in controversy beyond the $75,000 threshold. As such, the Court takes no further action on its Order to Supplement.

As for Plaintiff's motion to remand, it says a whole lot of nothing. In it, Plaintiff argues the case must be remanded because Walmart failed to establish the amount in controversy. But there is no analysis at all. Instead,

Plaintiff provides several pages of random authority concerning remand. At one point, the motion discusses a plaintiff's refusal to stipulate to the amount in controversy. As far as the Court can tell, this is not an issue here. Regardless, Walmart has shown by a preponderance of the evidence that the amount in controversy is met. So Plaintiff's motion to remand is denied.

Accordingly, it is now

**ORDERED:**

1. The Court will take no further action on its Order to Supplement (Doc. 9).

2. Plaintiff's Motion to Remand (Doc. 10) is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida on February 24, 2025.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3